**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1592**

MICHAEL A. WATT,

                Plaintiff - Appellant,

        v.

RAY MABUS, Secretary, Department of the Navy,

                Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:12-cv-00128-LO-JFA)

Submitted:  April 27, 2015              Decided:  May 1, 2015

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas F. Hennessy, VIRGINIA EMPLOYMENT AND FAMILY LAW OFFICE, Fairfax, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Dennis C. Barghaan, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael A. Watt appeals the district court's order granting the Secretary of the Navy's motion for summary judgment on Watt's Title VII[*] employment discrimination and retaliation claims. We affirm.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII prohibits an employer from "discriminat[ing] against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a) (2012). Because Watt did not present direct evidence of retaliation, the district court analyzed his retaliation claim under the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, a plaintiff

---

[*] Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2012).

2

establishes a prima facie case of retaliation by demonstrating "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). If the plaintiff makes such a showing, "the burden shifts to the employer to establish a legitimate non-retaliatory reason for the action." Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). If the employer does so, the burden shifts back to the plaintiff to "show that the employer's proffered reasons are pretextual." Id. Throughout this process, the employee bears the ultimate burden of establishing that his protected activity was a "but-for" cause of the alleged adverse action and was not merely a motivating factor. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2532-34 (2013). We have reviewed the record in this case and find no reversible error in the district court's grant of summary judgment on Watt's retaliation claim.

We next turn to Watt's claim that the district court erred in holding that his claims of a hostile work environment and constructive discharge were barred by Watt's failure to exhaust his claims through the administrative process. Absent exceptional circumstances, this Court generally does not consider claims raised for the first time on appeal. See In re Under Seal, 749 F.3d 276, 285 (4th Cir. 2014). Watt offers no

3

explanation, exceptional or otherwise, for his failure to address the issue of exhaustion either in his brief in response to the motion for summary judgment or upon questioning by the district court at the hearing on the motion. Accordingly, we decline to address the issue on appeal.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED